UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALASDAIR DAVID MCADAM MARIOTTI<br><br>Petitioner<br><br>,and<br><br>BETHANY ROSE RYCZEK<br><br>Respondent. | Case No.: 21-cv-00158-jdp |

## RESPONDENT'S PRETRIAL REPORT

Pursuant to Fed. R. Civ. P. 26(a)(3) and the Court's Preliminary Pretrial Conference Order [Dkt 11], Respondent Bethany Ryczek, through undersigned counsel, hereby submit this her Pretrial Report in anticipation of the final pretrial conference on August 11, 2021, at 9:00 a.m.:

### (a) Facts that Respondent wishes the Court to determine

1. Petitioner, Alasdair David McAdam Mariotti (hereinafter "Mariotti"), is a citizen of the United Kingdom (hereinafter "UK") and of Italy.

2. Respondent Bethany Rose Ryczek (hereinafter "Ryczek"), is a citizen of the United States.

3. Mariotti and Ryczek were married on February 8, 2015, in Rome, Italy.

4. Mariotti and Ryczek are the biological parents of M.J.M.M., who was born February 23, 2018, in London, UK.

5. M.J.M.M. is a citizen of the United States, UK and of Italy.

6. From February 23, 2018, until April 18, 2018, M.J.M.M lived with Mariotti and Ryczek in London, United Kingdom.

7. On April 16, 2018 Mariotti left London with his Father. On April 19th M.J.M.M and Ryczek flew to Rome with Jessica Ryczek and Deanna Nault. The trip was for the summer.

8. The parties sold a few items and gave away some items. Their personal belongings, furnishings, items of sentiment and all of the baby clothes and toys for their son when he was aged 6 months and older including an expensive highchair were placed in a storage locker in Mariotti's family home in Scotland, which their legal residence was changed to from London. They forwarded all mail including bank statements, child benefit payments from the government to that address, not Italy.

9. In July of 2019 Mariotti agreed to let Ryczek and MJMM move to Wisconsin for an indefinite period of 6 months to a year or more to be with her dying mother.

10. In August of 2019 Mariotti told Ryczek to not return to Italy.

11. Mariotti communicated through his lawyer to Avra Legal on December 6th that he was living at Via Agostino Magliani 6, which was a tobacco shop. Ryczek did not know where he was living or taking MJMM and Mariotti refused to tell Ryczek from November 2019 until January 4th 2020.

12. Mariotti never spent more than 30% of the time with MJMM.

13. Mariotti moved out of the apartment they shared because Ryczek indicated she wanted a divorce and to leave Italy.

14. In March 2020, Italy was locked down due to Covid-19, and residents in Italy were barred from traveling outside of their homes without the proper paperwork.

15. On or about March 21, 2021, Vice-President Michael Pence went on television and specifically indicated that Americans living abroad should return home immediately because of Covif-19 before the borders of the U.S. were closed.

16. On or about March 23, 2020, Ryczek and M.J.M.M. departed Rome bound for Ryzcek and M.J.M.M.'s current location in the United States.

17. Ryzcek has not returned M.J.M.M. to Italy.

18. Mariotti physically, mentally and sexually abused Ryczek.

19. The parties did not have an intent to make Italy their home.

20. The parties agreed to make either the U.K. or the United States their home.

21. M.J.M.M. does not speak Italian.

22. Ryczek is not fluent in Italian.

23. Ryczek does not have the ability to work in Italy because of the divorce from Mariotti.

24. Ryczek does not have an intent to return to Italy.

25. A grave risk of psychological or physical harm exists if M.J.M.M. is returned to Italy or would otherwise place him in an intolerable position.

26. Ryczek is at grave risk if she returns to Italy.

27. Italy is not M.J.M.M.'s habitual residence.

28. Either the United States or the United Kingdom is M.J.M.M.'s habitual residence.

29. Petitioner illegally removed or hid M.J.M.M.'s U.K. Passport from Ryczek's apartment.

30. Petitioner illegally placed a wi-fi camera recording system in Ryczek's apartment.

### (b) Proposed Special Verdict

*See* Attached.

### (c) Motions in Limine

*See* Attached.

### (d) Contested issues of law

1. Did Mariotti and Ryczek agree to reside in and raise M.J.M.M. in Italy?

2. Did Mariotti and Ryczek agree to return to the United Kingdom and raise M.J.M.M.?

3. Where is M.J.M.M's habitual residence?

4. Did Mariotti physically, sexually and mentally assault Ryczek such that she feared for her life, creating a grave risk?

5. Does there exist a grave risk pursuant to Article 13(b) of the Hague Convention and 42 U.S.C. § 11603(e)(2)(A) such that the return of M.J.M.M. to Italy would expose the child to psychological or physical harm or would otherwise place him in an intolerable position?

**(e) Deposition designations**

None.

**(f) Trial Brief**

None.

Dated this 20th day of July 2021.

          **CADE LAW GROUP LLC**

          By: *s/Nathaniel Cade, Jr.*
              Nathaniel Cade, Jr.
              P.O. Box 170887
              Milwaukee, WI 53217
              (414) 255-3802
              nate@cade-law.com

          **ATTORNEYS FOR BETHANY ROSE RYCZEK**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ALASDAIR DAVID MCADAM MARIOTTI

        Petitioner,　　　　　　　　　　Case No.: 21-CV-00158-JDP

  v.

BETHANY R. RYCZEK,

        Respondent.

---

**RESPONDENT'S (proposed) SPECIAL VERDICT**

---

1. The Habitual residence of the minor child M.J.M.M. is (circle all appropriate choices):

    a.    The United Kingdom
    b.    The United States
    c.    Italy

2. Does there exist a grave risk pursuant to Article 13(b) of the Hague Convention and 42 U.S.C. § 11603(e)(2)(A) such that the return of M.J.M.M. to Italy would expose the child to psychological or physical harm or would otherwise place him in an intolerable position?

_____
Answer (yes or no)

Dated this 20th day of July, 2021.

**CADE LAW GROUP LLC**

By: s/ NATHANIEL CADE, JR.
    Nathaniel Cade, Jr. SBN:1028115
    P.O. Box 170887
    Milwaukee, WI 53217
    (414) 255-3802 (phone)
    nate@cade-law.com

    Attorneys for Respondent,
    Bethan R. Ryczek

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

ALASDAIR DAVID MCADAM MARIOTTI

        Petitioner,                             Case No.: 21-CV-00158-JDP

    v.

BETHANY R. RYCZEK,

        Respondent.

## RESPONDENT'S MOTIONS IN LIMINE

Respondent Bethany Ryczek, by her counsel, Cade Law Group LLC, moves for a motion in limine as follows:

### Motion in Limine – Number 1

Respondent requests excluding all non-parties from being in the courtroom until called upon to testify.

### Motion in Limine – Number 2

Respondent requests a bar preventing the Petitioner from calling any witnesses not previously disclosed, especially expert witnesses.

### Motion in Limine – Number 3

Respondent requests that parties be barred from introducing or mentioning any prior settlement offers that the parties may have communicated or mentioned, pursuant to FRE 408.

**Motion in Limine – Number 4**

Respondent seeks to exclude all videotaped evidence from Respondent's apartment in Italy. She did not give consent to Petitioner to record her while she was in the apartment. As the Court is aware, Wisconsin is a one-party consent state. More specifically, Wisconsin law provides that

> (1) Except as otherwise specifically provided in ss. 196.63 or 968.28 to 968.30, whoever commits any of the acts enumerated in this section is guilty of a Class H felony:
>
>> (a) Intentionally intercepts, attempts to intercept or procures any other person to intercept or attempt to intercept, any wire, electronic or oral communication.
>> (b) Intentionally uses, attempts to use or procures any other person to use or attempt to use any electronic, mechanical or other device to intercept any oral communication.
>> (c) Discloses, or attempts to disclose, to any other person the contents of any wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication in violation of this section or under circumstances constituting violation of this section.
>> (d) Uses, or attempts to use, the contents of any wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication in violation of this section or under circumstances constituting violation of this section.
>> (e) Intentionally discloses the contents of any oral, electronic or wire communication obtained by authority of ss. 968.28, 968.29 and 968.30, except as therein provided.
>> (f) Intentionally alters any wire, electronic or oral communication intercepted on tape, wire or other device.
>
> (2) It is not unlawful under ss. 968.28 to 968.37:
>
>> . . .
>
>> (c) For a person not acting under color of law to intercept a wire, electronic or oral communication <u>where the person is a party to the communication or where one of the parties to the communication has given prior consent to the interception</u> unless the communication is intercepted for the purpose of committing any criminal or tortious act

2

>in violation of the constitution or laws of the United States or of any state or for the purpose of committing any other injurious act.

Wis. Stat. § 968.31 (emphasis added).

None of the potential videos from Ms. Ryczek's apartment has Petitioner in the videos providing consent to the recording. Therefore, the videos should be barred.

Dated this 20th day of July, 2021.

**CADE LAW GROUP LLC**

By: <u>s/ NATHANIEL CADE, JR.</u>
Nathaniel Cade, Jr. SBN:1028115
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
nate@cade-law.com

Attorneys for Respondent,
Bethan R. Ryczek

3